[Cite as *State v. Bianca*, 2011-Ohio-3321.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 10-COA-041 |
| TYLER J. BIANCA | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Ashland County Court of
Common Pleas, Case No. 10-CRI-096


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       June 30, 2011


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


RAMONA FRANCESCONI ROGERS           DOUGLAS A. MILHOAN
ASHLAND COUNTY PROSECUTOR           P.O. Box 347
110 Cottage Street, Third Floor     Middlebranch, Ohio 44652
Ashland, Ohio 44805

By: PAUL T. LANGE
Assistant Prosecuting Attorney
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Hoffman, P.J.*

{¶1} Defendant-appellant Tyler J. Bianca appeals his sentence entered by the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On July 22, 2010, Appellant, who was 16 years old, was at the home of Marge Swope, the grandmother of his friend, C.L.[1], in Ashland, Ohio. Appellant had obtained a handgun from another juvenile prior to arriving in Ashland, and brought the weapon with him to the Swope home. Appellant, C.L., and Stephen Ashby[2] decided to attend a party in Shiloh, Ohio. A fourth individual transported them to the party, but did not remain. Although Appellant intended to sell the firearm, he had not yet done so and brought the firearm to the party.

{¶3} While at the party, Appellant, C.L., and Ashby met Loralie King. The party was at King's home. Appellant and his friends did not have a means of transportation back to Ashland, and asked King to give them a ride. At approximately 1:30 to 2:00 a.m. on July 23, 2010, King agreed to drive Appellant, C.L., and Ashby to the Shenandoah General Store which was a portion of the way back to Ashland. King drove her vehicle. She had a pack of cigarettes, her friend's cell phone, and $55 cash in her possession. Appellant, who sat in the front passenger seat, asked King if he could use the cell phone. After making a call, Appellant threw the phone out the car window. King objected. Appellant removed the handgun, held it to King's head, and demanded she drive them the entire way to Ashland. Appellant previously told C.L. of his intentions.

---

[1] C.L. was a minor at the time.
[2] Stephen Ashby was over 18 years of age at the time.

Appellant held the handgun against or in close proximity to King's head during the entire drive.

{¶4} Appellant demanded King's money and cigarettes. While stopped at an intersection, Appellant instructed King to exit the vehicle, which she did. Appellant searched the vehicle for a lighter and found money King had attempted to hide. Appellant then ordered King back into the vehicle. King drove Appellant and the others to the Ashland YMCA. King was then able to drive away. Appellant, C.L., and Ashby returned to the Swope residence where Appellant hid the handgun under a couch cushion.

{¶5} Appellant was charged by Complaint in Juvenile Court, alleging he was delinquent for committing acts constituting the offenses of aggravated robbery, abduction, having weapons while under disability, tampering with evidence, and petty theft. Upon motion of the State, the juvenile court relinquished jurisdiction, and the matter was transferred to the General Division for prosecution of Appellant as an adult. The State filed a Bill of Information on September 29, 2010.

{¶6} On October 1, 2010, Appellant entered a plea of guilty to one count of robbery, a felony of the second degree, and one count of abduction, a felony of the third degree. The trial court accepted the plea, found Appellant guilty, and ordered a pre-sentence investigation. The trial court conducted a sentencing hearing on November 15, 2010, at which time it sentenced Appellant to an aggregate term of imprisonment of six years. The trial court memorialized the sentence via Judgment Entry - Sentencing filed November 24, 2010.

**{¶7}** It is from this judgment entry Appellant appeals, raising as his sole assignment of error:

**{¶8}** "I. THE IMPOSITION OF A PRISON SENTENCE IN THIS CASE IMPOSES AN UNNECESSARY BURDEN ON STATE RESOURCES."

**{¶9}** Based on the record, this Court cannot find the trial court acted unreasonably, arbitrarily, or unconscionably, or that the trial court violated Appellant's rights to due process under the Ohio or United States Constitutions in its sentencing. Further, the sentence in this case is not so grossly disproportionate to the offense as to shock the sense of justice in the community.

**{¶10}** In his sole assignment of error, Appellant contends his sentence places an unnecessary burden on state resources.

**{¶11}** In *State v. Ober* (Oct. 10, 1997), Greene App. No. 97CA0019, the Second District considered this same issue. In rejecting the argument, the Court stated,

**{¶12}** "Ober is correct that the 'sentence shall not impose an unnecessary burden on state or local government resources.' R.C. 2929.19(A). According to criminal law experts, this resource principle 'impacts on the application of the presumptions also contained in this section and upon the exercise of discretion.' Griffin & Katz, Ohio Felony Sentencing Law (1996–97), 62. Courts may consider whether a criminal sanction would unduly burden resources when deciding whether a second-degree felony offender has overcome the presumption in favor of imprisonment because the resource principle is consistent with the overriding purposes and principles of felony sentencing set forth in R.C.2929.11. *Id.*"

{¶13} The *Ober* Court concluded, "[a]lthough resource burdens may be a relevant sentencing criterion, R.C. 2929.13(D) does not require trial courts to elevate resource conservation above the seriousness and recidivism factors. Imposing a community control sanction on Ober may have saved state and local government funds; however, this factor alone would not usually overcome the presumption in favor of imprisonment." Id*.*

{¶14} R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (A) states, in pertinent part:

{¶15} "Except as provided in division (E), (F), or (G) of this section and unless a specific sanction is required to be imposed or is precluded from being imposed pursuant to law, a court that imposes a sentence upon an offender for a felony may impose any sanction or combination of sanctions on the offender that are provided in sections 2929.14 to 2929.18 of the Revised Code. The sentence shall not impose an unnecessary burden on state or local government resources."

{¶16} As we noted in *State v. Ferenbaugh,* Ashland App. No. 03COA038, 2004–Ohio–977 at paragraph 7, "[t]he very language of the cited statute grants trial courts discretion to impose sentences. Nowhere within the statute is there any guideline for what an 'unnecessary burden' is." Moreover, in *State v. Shull,* Ashland App. No.2008–COA–036, 2009–Ohio–3105, this Court reviewed a similar claim. We found although burdens on State resources may be a relevant sentencing criteria as set forth in R.C. 2929.13, state law does not require trial courts to elevate resource conservation above seriousness and recidivism factors, *Shull,* at paragraph 22, citing *State v. Ober* (October 10, 1997), Greene App. No. 97CA0019, 1997 WL 624811.

**{¶17}** Upon review, we do not find the sentence imposed herein constituted an unnecessary burden on state resources.

**{¶18}** Appellant's sole assignment of error is overruled.

**{¶19}** The judgment of the Ashland County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Edwards, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Julie A. Edwards
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TYLER J. BIANCA | : | |
| | : | |
| Defendant-Appellant | : | Case No. 10-COA-041 |

For the reason stated in our accompanying Opinion, the judgment of the Ashland County Court of Common Pleas is affirmed.  Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS